CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

IVANA DJAK (NYBN 5516687)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3918
    FAX: (510) 637-3724
    ivana.djak@usdoj.gov

Attorneys for United States of America

**FILED**

Oct 21 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:25-mj-71239 MAG |
| Plaintiff, | NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| v. | |
| PIERA SALGADO TELEKI, | |
| Defendant. | |

    Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure

that on October 21, 2025, the above-named defendant was arrested pursuant to an arrest warrant (copy

attached) issued upon an

☒    Indictment

☐    Information

☐    Criminal Complaint

☐    Other (describe) _____

pending in the Eastern District of California, Case Number 25-CR-JLT .

    In that case (copy of indictment attached), the defendant is charged with a violation(s) of Title(s)

18 United States Code, Section(s) 1349, 1956(h).

v. 8/29/2025

Description of Charges: Conspiracy to Commit Wire Fraud, and Conspiracy to Commit Money

Laundering.

The maximum penalties are as follows:

COUNT 1: 18 U.S.C. § 1349 - Conspiracy to Commit Wire Fraud

Penalties:

- Maximum of 30 years in prison with 18 U.S.C. § 2326 enhancement;

- Maximum up to $250,000; or both fine and imprisonment

- Supervised release of up to 5 years with 18 U.S.C. § 2326 enhancement

- Special Assessment: $100 (mandatory on each count)


COUNT 2: 18 U.S.C. § 1956(h) - Conspiracy to Commit Money Laundering

Penalties:

- Maximum of 20 years in prison with

- Maximum up to $500,000; or twice the value of property involved

- Supervised release of up to 3 years

- Special Assessment: $100 (mandatory on each count)


As to all counts, forfeiture as stated in the Indictment.


Respectfully Submitted,

CRAIG H. MISSAKIAN
UNITED STATES ATTORNEY

Date: October 21, 2025                           /S/
                                         IVANA DJAK
                                         Assistant United States Attorney

v. 8/29/2025

Attachment

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

**SEALED**

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| PIERA SALGADO TELEKI | ) Case No. 1:25-CR-00099-JLT |
| | ) |
| | ) |
| | ) |
| _Defendant_ | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_    PIERA SALGADO TELEKI                                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

❑ Indictment    ☑ Superseding Indictment    ❑ Information    ❑ Superseding Information    ❑ Complaint
❑ Probation Violation Petition    ❑ Supervised Release Violation Petition    ❑ Violation Notice    ❑ Order of the Court

This offense is briefly described as follows:

18 U.S.C. §1349 - Conspiracy to Commit Wire Fraud
18 U.S.C. §1956(h) - Conspiracy to Commit Money Laundering

Date:     10/16/2025

_Issuing officer's signature_

City and state:    Fresno, CA

Barbara A. McAuliffe, U.S. Magistrate Judge
_Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____ at _(city and state)_ _____ . |
| Date: _____ |
| _Arresting officer's signature_ |
| _Printed name and title_ |

1  ERIC GRANT
   United States Attorney
2  JEFFREY A. SPIVAK
   CODY S. CHAPPLE
3  Assistant United States Attorneys
   2500 Tulare Street, Suite 4401
4  Fresno, CA 93721
   Telephone: (559) 497-4000
5  Facsimile: (559) 497-4099
6
7  Attorneys for Plaintiff
   United States of America
8

9           IN THE UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA

11

12 UNITED STATES OF AMERICA,                   CASE NO. 1:25-CR-00099-JLT-SKO

13                           Plaintiff,        18 U.S.C. §§ 1349 and 2326(2)(A) and (B) –
                                               Conspiracy to Commit Wire Fraud with
14                    v.                       Telemarketing and Email Fraud Enhancement
                                               (Count 1); 18 U.S.C. § 1956(h) – Conspiracy to
15                                             Commit Money Laundering (Count 2); 18 U.S.C.
                                               § 1343 – Wire Fraud with Telemarketing and Email
16                                             Fraud Enhancement (Counts 3 through 10); 18
   PIERA SALGADO TELEKI,                       U.S.C. § 1956(a)(1)(B)(I)) –Money Laundering
17                                             (Counts 11 through 18); 18 U.S.C. §§ 981(a)(1)(C),
                                               982(a)(1), 2328, and 28 U.S.C. § 2461(c) – Criminal
18                                             Forfeiture
19
20
21
22
23
24
25
26
27
28                         Defendants.

SECOND SUPERSEDING INDICTMENT              1

1  ## SECOND SUPERSEDING INDICTMENT

2  COUNT ONE: [18 U.S.C. §§ 1343, 1349 and 2326(2)(A) and (B) – Conspiracy to Commit Wire Fraud

3  with Telemarketing and Email Marketing Enhancement]

4

The Grand Jury charges:



PIERA SALGADO TELEKI,

19  defendants herein, as follows:

20  **INTRODUCTION**

21  At all times relevant to this Second Superseding Indictment,

22  1.

23

24  2.

25

26  3.

27

28  4.    PIERA SALGADO TELEKI, resided in Alameda County, California, and did business as

1  "MMPFA Money Management Financial."

27  18.

1
2
3
4
5
6
7
8
9
10

24. "Timeshares" are contracts where people purchase the rights to use vacation properties for a certain period. Timeshare owners usually pay initial fees to enter into the timeshare contracts, plus regular maintenance fees and other recurring charges.

25. Generally speaking, "shell companies" are businesses that exist solely to conduct financial transactions. They do not have employees, provide services, or perform any other actual business. They also offer a degree of anonymity to the actual owners. Therefore, shell companies are often used to carry out fraud schemes because they help to conceal the identities of the responsible individuals.

## THE CONSPIRACY

26. Beginning on a date unknown to the Grand Jury, but not later than in or around April 2019, and continuing at least until in or around October 2025, in the State and Eastern District of California and elsewhere, ███████████████████████████

███ PIERA SALGADO TELEKI, ████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████ (the "DEFENDANTS") did knowingly

1  conspire, combine and confederate with each other, and with others known and unknown to the Grand

2  Jury, to cause signs and signals to be transmitted by means of wire and radio communications in

3  interstate and foreign commerce, in furtherance of a material scheme and artifice to defraud, and to

4  obtain money and property, by means of materially false and fraudulent pretenses, representations, and

5  promises, in violation of Title 18, United States Code, Sections 1343 and 1349.

6  <center>**MANNER AND MEANS OF THE CONSPIRACY**</center>

7      27.    During the above-described period, the DEFENDANTS, and others known and unknown

8  to the Grand Jury, used the following manner, means, and acts, among others, to carry out the

9  conspiracy:

10      28.    █████████████████████████████████████ and others caused victims to

11  be contacted through phone calls, emails, and other means using the false identities of attorneys,

12  paralegals, and government officials.

13      29.    █████████████████████████████████ and others falsely and

14  fraudulently told the victims, who owned or previously owned timeshares, that they were entitled to

15  receive money related to legal settlements concerning their timeshares. They told the victims that, to

16  receive the money, the victims had to make initial payments amounting to a percentage of the expected

17  recovery.

18      30.    After obtaining initial payments from the victims, ████████████████

19  ████████████ and others used and caused various tactics to be used to extract additional

20  and increasing amounts of money from the victims. Victims were directed to send the payments to

21  fictitious business names (DBA) and shell companies controlled by DEFENDANTS and others that

22  were located in Colusa, Fresno, Kern, Merced, Sacramento, San Joaquin, and Yuba Counties in the State

23  and Eastern District of California as well as other locations in California, Florida, Texas, and elsewhere.

24      31.    DEFENDANTS and others carried out the conspiracy by communicating with each other

25  and the victims through encrypted messaging services, phone calls, emails, electronic messages, and

26  other electronic means. Several of these communications were made between the State and Eastern

27  District of California and other states and foreign countries.

28      32.    DEFENDANTS and others used the proceeds of the conspiracy for the benefit of

1  themselves and the Nuestra Familia and Norteño criminal organizations.  DEFENDANTS and others
2  purchased real estate and other property, and created and invested in other businesses.

3      33.    As a result of the conspiracy, DEFENDANTS and others caused the victims to incur over
4  $30,000,000 in losses.

5      34.    In carrying out the conspiracy, DEFENDANTS and others used telemarketing and email
6  marketing that targeted persons over the age of fifty-five (55) and victimized ten and more persons over
7  the age of fifty-five (55), and therefore they are subject to a term of up to 10 years of imprisonment that
8  is in addition to any other term of imprisonment that may be imposed.

9      35.    At all times DEFENDANTS acted with the intent to defraud.

10     All in violation of Title 18, United States Code, Sections 1349 and 2326(2)(A) and (B).

11  COUNT TWO:  [18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering]

12      The Grand Jury further charges:



PIERA SALGADO TELEKI

27  defendants herein, as follows:

28      36.    Paragraphs 1 through 25 and 27 through 36 are incorporated by reference as though fully

1  set forth herein.

2      37.    Beginning on a date unknown to the Grand Jury, but not later than in or around April

3  2019, and continuing at least until in or around May 2025, in the State and Eastern District of California,

4  and elsewhere, ██████████████████████████████████ PIERA

5  SALGADO TELEKI, ████████████████████

6  ████████████████████████████████████████████

7  ████████████████████████████████████████████

8  ████████████████████████████████████████████

9  ████████████████████████████████████████████

10  ████████████████████ (the "DEFENDANTS") did knowingly combine, conspire, and

11  agree with others, known and unknown to the Grand Jury, to commit offenses against the United States

12  in violation of Title 18, United States Code, Section 1956, to wit: knowingly conduct and attempt to

13  conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of

14  a specified unlawful activity, to wit:  wire fraud, in violation of Title 18, United States Code, Section

15  1343, knowing that the transactions were designed in whole or in part to conceal and disguise the nature,

16  location, source, ownership, and control of the proceeds of such specified unlawful activity, and that,

17  while conducting and attempting to conduct the transactions, knew that the property involved

18  represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code,

19  Section 1956(a)(1)(B)(i).

20  **MANNER AND MEANS OF THE CONSPIRACY**

21      38.    During the above-described period, the DEFENDANTS, and others known and unknown

22  to the Grand Jury, used the following manner, means, and acts, among others, to carry out the

23  conspiracy, in the State and Eastern District of California and elsewhere:

24      39.    DEFENDANTS and others created and utilized bank accounts in the name of DBAs and

25  shell companies to launder victim funds.  DEFENDANTS and others evaded financial institutions' anti-

26  money laundering (AML) and Know Your Customer (KYC) policies and procedures by misrepresenting

27  to financial institutions the true purpose and nature of their businesses.  When questioned by financial

28  institutions about certain transactions, DEFENDANTS and others intentionally and fraudulently

1  misrepresented the true nature of the transactions.

2      40.    DEFENDANTS and others then transferred wire fraud proceeds from the DBA and shell
3  company bank accounts to other bank accounts located in the United States, Costa Rica, Mexico, and
4  Nicaragua. The sole purpose for many of these transactions was to separate and conceal the illegally
5  obtained money from its criminal source by layering it through a series of financial transactions, which
6  made it difficult to trace the money back to its source.

7      41.    DEFENDANTS and others misrepresented in memo lines and wire details the true
8  purpose and nature of the transactions. DEFENDANTS and others knew that by building a transaction
9  history that appeared legitimate, financial institutions would have more difficulty detecting that they
10  were transacting in fraud proceeds.

11      42.    DEFENDANTS and others utilized financial technology ("fintech") companies,
12  including fintech companies specializing in international transactions, cryptocurrency exchanges, and
13  smaller financial institutions whom they believed had weaker AML/KYC controls.

14      43.    DEFENDANTS and others conducted financial transactions with and through
15  professional money laundering organizations (PMLO) and trade-based money laundering (TBML)
16  organizations located in the United States and elsewhere. The purpose of these transactions was to
17  further conceal the origins of the illegally obtained money and make it more difficult to trace the money
18  back to its source.

19      44.    In carrying out the conspiracy, at all times DEFENDANTS acted with the intent to
20  further its unlawful purpose.

21      All in violation of Title 18, United States Code, Section 1956(h).

22  COUNTS THREE THROUGH TEN: [18 U.S.C. § 1343 and 2326(2)(A) and (B) – Wire Fraud with
23  Telemarketing and Email Marketing Enhancement]

24      The Grand Jury further charges:

25      45.    Paragraphs 1 through 25, 27 through 35, and 38 through 44 are incorporated by reference
26  as though fully set forth herein.

27      46.    Beginning on a date unknown to the Grand Jury, but no later than in or around April
28  2019, and continuing until at least in or around October 2025, in the State and Eastern District of

SECOND SUPERSEDING INDICTMENT                    8

California and elsewhere, the defendants below devised and intended to devise, and knowingly executed and attempted to execute, by means of wire and radio communications in interstate commerce, a material scheme and artifice to defraud victims and to obtain property owned by and under the custody and control of these victims, by means of materially false and fraudulent pretenses, representations, and promises, and at all times acted with the intent to defraud, in violation of 18 U.S.C. § 1343.

47.     On or about the dates set forth below, in the State and Eastern District of California and elsewhere, for the purpose of executing the aforementioned scheme to defraud, the defendants knowingly transmitted and caused to be transmitted, by means of wire and radio communications in interstate commerce, the following writing, signs, signals, pictures, and sounds:

| COUNT | DATE | WIRE | DEFENDANT |
|-------|------|------|-----------|
| THREE |      |      |           |
| FOUR  |      |      |           |
| FIVE  |      |      |           |
| SIX   |      |      |           |

1
2
3
4
5
6
7  SEVEN
8
9
10
11
12  EIGHT
13
14
15
16  NINE
17
18
19
20
21  TEN
22
23



24      48.      In executing the scheme and artifice to defraud, ▮▮▮▮▮
25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
26 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and others known and
27 unknown to the Grand Jury, used telemarketing and email marketing that targeted persons over the age
28

of fifty-five (55) and victimized ten and more persons over the age of fifty-five (55), and therefore they are subject to a term of up to 10 years of imprisonment that is in addition to any other term of imprisonment that may be imposed.

All in violation of Title 18, United States Code, Sections 1343 and 2326(2)(A) and (B).

COUNTS ELEVEN THROUGH EIGHTEEN:  [18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering]

The Grand Jury further charges:

49.     Paragraphs 1 through 25, 27 through 35, and 38 through 48 are incorporated by reference as though fully set forth herein.

50.     On or about the dates listed below, within the State and Eastern District of California and elsewhere, the defendants did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce which involved the proceeds of a specified unlawful activity, that is, wire fraud and wire fraud conspiracy in violation of Title 18, United States Code, Sections 1343 and 1349, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, as follows:

| COUNT | DATE | FINANCIAL TRANSACTION | DEFENDANT |
|-------|------|----------------------|-----------|
| ELEVEN | | | |
| TWELVE | | | |

THIRTEEN 

FOURTEEN

FIFTEEN

SIXTEEN

SEVENTEEN

EIGHTEEN

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

FORFEITURE ALLEGATION: [18 U.S.C. §§ 981(a)(1)(C), 982(A)(1), 2328, and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1.   Upon conviction of the offenses alleged in Count One, and Counts Three through Ten of this Second Superseding Indictment, ██████████████████████████████████████

██████████PIERA SALGADO TELEKI, ███████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████ (the "DEFENDANTS") shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, and pursuant to Title 18, United States Code, Section 2328, any property, real or personal, constituting or traceable to gross proceeds obtained from such offenses, and any equipment, software, or other technology used or intended to be used to commit or to facilitate the commission of such offenses, including, but not limited to:

a.   Approximately $469,093.65 seized from Citibank account number 9154338517, held in the name of █████████████████████

b.   Approximately $405,973.50 seized from Happy Bank account number 80140052353, held in the name of ███████████████████

c.   Approximately $368,834.00 seized from Lead Bank account number 213878119180, held in the name of ██████████████

d.   Approximately $112,740.94 seized from Coastal Bank account number 875104990002, held in the name of COMPANY 3,

e.   Approximately $90,799.40 seized from Bank of America account number 898145467749, held in the name of CPF Capital LLC,

f.   Approximately $54,851.35 seized from Bank of America account number 989100754497, held in the name of PERSON C.P.F. and PERSON C.M.T.,

g.   Approximately $46,271.47 seized from Bank of America account number 898092684989, held in the name of PERSON C.P.F.,

1          h.    Approximately $26,410.76 seized from Lead Bank account number

2               210042244482, held in the name of

3          i.    Approximately $10,439.90 seized from TD Bank account number 4389109856,

4               held in the name of

5          j.    Approximately $9,068.00 in U.S. Currency seized from     on

6               August 2, 2023,

7          k.    Approximately $5,956.54 seized from Wells Fargo Bank account number

8               5246290646

9          l.    Approximately $1,768.36 seized from JPMorgan Chase Bank account number

10            597113890, held in the name of PERSON M.A.,

11         m.   Approximately $1,000.42 seized from Citibank account number 9144937689,

12            held in the name of PERSON M.A.,

13         n.   Approximately $534.43 seized from Citibank account number 9144937676, held

14            in the name of PERSON M.A.,

15         o.   Approximately $300.00 seized from Wells Fargo Bank account number

16            1319470066, held in the name of

17         p.   Approximately $85.11 seized from JPMorgan Chase Bank account number

18            5071815312, held in the name of

19         q.   Approximately $47.51 seized from Regions Bank account number 359157135,

20            held in the name of

21         r.   Approximately $24.61 seized from Wells Fargo Bank account number

22            8685461430, held in the name of    and

23         s.   A sum of money equal to the amount of proceeds traceable to such offense for

24            which defendants are convicted.

25   2.    Upon conviction of the offenses alleged in Counts Two, and Eleven through Eighteen of

26 this Second Superseding Indictment, DEFENDANTS shall forfeit to the United States, under Title 18,

27 United States Code, Section 982(a)(1)(A), any property, real or personal, involved in such offenses, or

28 any property traceable to such property, including but not limited to:

a. Approximately $469,093.65 seized from Citibank account number 9154338517, held in the name of ▮▮▮▮▮

b. Approximately $405,973.50 seized from Happy Bank account number 80140052353, held in the name of ▮▮▮▮▮

c. Approximately $368,834.00 seized from Lead Bank account number 213878119180, held in the name of ▮▮▮▮▮

d. Approximately $112,740.94 seized from Coastal Bank account number 875104990002, held in the name of COMPANY 3,

e. Approximately $90,799.40 seized from Bank of America account number 898145467749, held in the name of CPF Capital LLC,

f. Approximately $54,851.35 seized from Bank of America account number 989100754497, held in the name of PERSON C.P.F. and PERSON C.M.T.,

g. Approximately $46,271.47 seized from Bank of America account number 898092684989, held in the name of PERSON C.P.F.,

h. Approximately $26,410.76 seized from Lead Bank account number 210042244482, held in the name of ▮▮▮▮▮

i. Approximately $10,439.90 seized from TD Bank account number 4389109856, held in the name of ▮▮▮▮▮

j. Approximately $9,068.00 in U.S. Currency seized from ▮▮▮▮▮ on August 2, 2023,

k. Approximately $5,956.54 seized from Wells Fargo Bank account number 5246290646,▮▮▮▮▮

l. Approximately $1,768.36 seized from JPMorgan Chase Bank account number 597113890, held in the name of PERSON M.A.,

m. Approximately $1,000.42 seized from Citibank account number 9144937689, held in the name of PERSON M.A.,

n. Approximately $534.43 seized from Citibank account number 9144937676, held in the name of PERSON M.A.,

1    o.    Approximately $300.00 seized from Wells Fargo Bank account number
2          1319470066, held in the name of ███████████████

3    p.    Approximately $85.11 seized from JPMorgan Chase Bank account number
4          5071815312, held in the name of ███████████████

5    q.    Approximately $47.51 seized from Regions Bank account number 359157135,
6          held in the name of Elite Financing Solutions LLC,

7    r.    Approximately $24.61 seized from Wells Fargo Bank account number
8          8685461430, held in the name of ███████████ and

9    s.    A sum of money equal to the amount of proceeds traceable to such offense for
10         which defendants are convicted.

11   3.    If any property subject to forfeiture, as a result of the offenses alleged in Counts One
12   through Twenty of this Second Superseding Indictment, for which DEFENDANTS are convicted:

13   a.    cannot be located upon the exercise of due diligence;
14   b.    has been transferred or sold to, or deposited with, a third party;
15   c.    has been placed beyond the jurisdiction of the Court;
16   d.    has been substantially diminished in value; or
17   e.    has been commingled with other property that cannot be divided
18         without difficulty;

19   it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 28,
20   United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek
21   forfeiture of any other property of defendants, up to the value of the property subject to forfeiture.

22                                        A TRUE BILL.
                                          /s/ Signature on file w/AUSA
23                                        _____
24                                        FOREPERSON
25
26   /s/ Eric Grant
27   _____
     ERIC GRANT
28   United States Attorney

**United States v. PIERA SALGADO TELEKI**
**Penalties for Second Superseding Indictment**

## COUNT 1:

VIOLATION:          18 U.S.C. § 1349 - Conspiracy to Commit Wire Fraud

PENALTIES:          Maximum of 30 years in prison with 18 USC 2326 enhancement;
                    Maximum up to $250,000; or both fine and imprisonment
                    Supervised release of up to 5 years with 18 USC 2326 enhancement

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## COUNT 2:

VIOLATION:          18 U.S.C. § 1956(h) - Conspiracy to Commit Money Laundering

PENALTIES:          Maximum of 20 years in prison;
                    Fine of up to $500,000 or twice the value of the property involved in the
                    transaction; or both fine and imprisonment;
                    Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## FORFEITURE ALLEGATION:

As stated in the charging document.